**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PARMJEET KAUR REEHAL; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70363

Agency Nos.   A075-309-119
                     A075-309-120

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:      THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Parmjeet Kaur Reehal and her son, natives and citizens of India, petition pro

se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. §

1252.  We review for abuse of discretion the denial of a motion to reopen, *Toufighi*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Reehal's motion to reopen because it considered the record and acted within its broad discretion in determining the evidence was insufficient to warrant reopening given the immigration judge's underlying adverse credibility determination. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Toufighi*, 538 F.3d at 996-97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We lack jurisdiction to review Reehal's challenge to the IJ's underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 995.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**